UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

HUNG HOAN TRAN,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

Case No. 5:26-cv-05528-SSC

MEMORANDUM AND ORDER GRANTING UNOPPOSED HABEAS PETITION

On September 21, 2026, Petitioner Hung Hoang Tran filed this counseled petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen currently in immigration detention in Adelanto, California. (*Id.* at 2.) This is Petitioner's second petition.

The petition alleges the following facts.[1] Petitioner was born in Vietnam and entered the United States in 1982 as a lawful permanent resident. (*Id.* at 3.) Petitioner has no immediate family in Vietnam and does not have a passport or birth certificate. (*Id.*) In 2000, he was convicted of embezzlement in violation of 18 U.S.C. § 656. (*Id.*) In November 2000, he was placed into removal proceedings and charged

---

[1] Because Respondents have provided no information about Petitioner, all facts contained herein are taken directly from the petition unless otherwise noted.

with removal for an aggravated felony offense under 8 U.S.C. § 1227(a)(2)(A)(iii). (*Id.* at 3–4.) He was detained at that time by immigration authorities and subsequently released from custody on bond in January 2001. (*Id.* at 4.) Petitioner was ordered removed on December 11, 2001, and that order was affirmed by the Board of Immigration Appeals on January 31, 2003. (*Id.*) In approximately 2006, he was taken back into immigration custody for removal, but he could not be removed to Vietnam. (*Id.*) Petitioner was held for 90 days and then released on an order of supervision. (*Id.*)

Petitioner was re-detained on June 3, 2026, when he went to appear for his regularly scheduled check-in appointment. (*Id.*) On June 9, 2026, he filed his first petition for writ of habeas corpus, *Tran v. Mullin*, No. 5:26-cv-03168-SSC (C.D. Cal. filed June 9, 2026), challenging his re-detention as violating the regulations at 8 C.F.R. § 241.13 and § 241.4 because there were not changed circumstances warranting the revocation of his order of supervision. (*Id.*) This Court denied the petition without prejudice on September 11, 2026. (*Id.* at 4–5.)

Now, Petitioner alleges that the Department of Homeland Security does not have travel documents necessary to remove him and that he has now been detained for more than 180 days, making his detention indefinite. (*Id.* at 5)

Petitioner argues that his detention violates 8 U.S.C. § 1231(a)(6) and due process because he has been detained for more than 180 days, he has good reason to believe that he will not be removed to Vietnam, and more than 90 days have elapsed since the request for travel documents was made and travel documents have not been issued, nor has a removal flight been scheduled. (*Id.* at 5–8.)

Petitioner seeks (1) immediate release and to be returned to the terms of his prior order of supervision; (2) that the Court order that Respondents immediately return to Petitioner any government issued identification that was taken with his arrest; and (3) that the Court order that Petitioner may not be re-detained without notice and a pre-detention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community. (*Id.* at 8–9.)

Respondents filed an answer to the petition stating that:

> Petitioner's second habeas petition seeks release under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because he has now been detained more than 180 days post-removal order. Although travel documents have been requested from Vietnam, they have not been received yet. As such, the Respondents are not presenting an opposition argument at this time to his release under *Zadvydas*. However, once the travel documents are received, Respondents intend to re-detain Petitioner for purposes of effectuating his prompt removal to Vietnam.

(ECF 10 at 2.) The Court thus construes the relief requested in the § 2241 petition as unopposed.[2] Though the deadline for Petitioner's optional reply has not passed, given Respondents' statement that they

---

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

are not presenting an opposition argument, the Court acts ahead of any such reply to avoid delay of relief.

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered (1) granting the unopposed petition; (2) ordering Respondents to immediately release Petitioner **Hung Hoan Tran (A# 025-346-175)** from immigration custody under conditions of supervision found to be appropriate by the decisionmaker; and (3) ordering that at the time of Petitioner's release, Respondents must return to Petitioner any government-issued identification that is in Petitioner's true name which was confiscated at the time of his arrest. The Court declines to impose further requested relief.

DATED: September 30, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE